*98 Opinion of the Court, by
Judge Owsley.
THE cases of Clurissa Thomas vs. Clarissa Thomas and Edward Thomas, 3 Lilt. Rep. 8, and Saunders’ heirs vs. Saunders’ executors, 2 Litt. Rep. 321, are decisive ip suPPori: ^ie judgment rendered in this case by the court below.
a°" gainst 'the1 same person eonjunc-o™ (ioes°not vary the case, That the person who was do Vencí á;ed after ac-lion brought, ^tohim before theother defeml’is ap-£ot Tuni the error; for it was in the or-the
Bibb, for plaintiffs; Denny, for defendants,
Each of those cases recognizes and adopts the prin-eiple, that the same person cannot be both plaintiff and defendant in a common law action, whether the action he brought by and against the same person singly, or in conjunction with others.
The present action was brought in the names Archibald Aden, Oulbbert Bullitt, Daniel Fetter, John Sutton and Paul Skidmore, against John T. Gray, John Gwáthmey, Paul Skidmore and George Groa tsing'er, upon a covenant executed by the latter to the former. The action being, therefore, both in the name of Skid-more as. plaintiff and defendant, comes emphatically within the principle settled in the cases to which we have referred.
It is true, the replication of the plaintiffs, to which the defendants demurred, and which was adjudged insufficient by the court below, alleges, that after the 09-tion was commenced, and before the defendants appeared and pleaded, Skidmore departed this life, and the action, as to him, was abated; but, if the principle of law be as we have supposed, the action vyas irregularly commenced, and being erroneous in the origin,. the error cannot have been cured by the subsequént abatement. ' '
The judgment must, therefore, be affirmed with costs.